UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBIN BRUINS and BEVERLY BRUINS,<br><br>  Plaintiffs,<br><br> v.<br><br>DENNIS OSBORN, *et al.*,<br><br>  Defendants. | Case No. 2:15-cv-00324-APG-VCF<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTION TO DISMISS AND (2) DENYING THE PLAINTIFFS' MOTION TO AMEND**<br><br>(Dkt. #14, #21) |

Plaintiffs Robin and Beverly Bruins filed this lawsuit against various law enforcement officers who arrested Robin for possession of a stolen vehicle.[1] Robin also sues defendants Las Vegas Metropolitan Police Department ("LVMPD") and Naphcare, Inc. because following Robin's arrest, he was taken to the Clark County Detention Center ("CCDC") where, he alleges, he was denied necessary medication. Robin alleges that LVMPD is responsible for the care of detainees in the CCDC and Naphcare operates CCDC's medical clinic. Robin brings three claims against LVMPD and Naphcare: (1) municipal liability under 42 U.S.C. § 1983 for a policy and practice of inadequately staffing correctional officers and medical providers at CCDC that was deliberately indifferent to the medical needs of CCDC detainees like Robin (count six), negligence (count nine),[2] and negligent infliction of emotional distress (count ten).

LVMPD and Naphcare move to dismiss the claims against them. Robin opposes the motion and moves for leave to amend if his claims are not sufficiently pleaded. I deny the motion to dismiss Robin's § 1983 claim. I grant in part and deny in part the motion to dismiss the negligence claim. I deny Robin's motion to amend.

---

[1] The Bruins' claims against the arresting officers will be addressed in a separate order.

[2] Although the complaint alleges that Beverly also asserts a negligence claim against LVMPD and Naphcare, the Bruins concede that was a typographical error and Beverly does not assert a negligence claim against LVMPD and Naphcare in count nine. (Dkt. #20 at 2 n.2 & 10 n.22.)

**I. BACKGROUND**

In March 2014, Robin and Beverly were driving through Nevada in their classic 1962 Chevrolet Impala. (Dkt. #1 at 5.) The Bruins had a restored license plate on the car, as is allowed under the laws of the State of Washington where the car was registered. (*Id.*) Nevada Highway Patrol Officer Fernando Herrera conducted a traffic stop after noticing the unusual license plates. (*Id.* at 5-6.) Herrera ultimately arrested Robin for possession of a stolen car although, as it turns out, the car was not stolen. (*Id.* at 7-9.)

Robin was booked into CCDC. (*Id.* at 9.) According to the complaint, LVMPD is responsible for the operation of CCDC, including the operation of its medical clinic. (*Id.*) Naphcare operates the clinic under contract with "LMVPD and/or Clark County." (*Id.*)

According to the complaint, Robin told several correctional employees that he needed timely administration of medication but he "was denied his medications for hours because the doctor was unavailable to authorize them." (*Id.*) Robin later complained of chest pains, at which point he saw a doctor and took his medication. (*Id.*) Robin was incarcerated for more than twenty-four hours during which time, he alleges, he was denied both the timely administration of his medication and the prescribed dosage, "resulting in physical pain and the constant risk of seizure." (*Id.*)

Robin sues LVMPD and Naphcare on three claims. First, he brings a § 1983 claim alleging that each entity violated his constitutional right to adequate medical care as a pretrial detainee through a policy of "inadequately staff[ing], supervis[ing] and train[ing] its detention officers, employees, and medical providers." (*Id.* at 16.) Robin alleges this policy led the employees to "believe[] that their actions would not be properly monitored by supervisors and that misconduct would not be investigated or sanctioned, but would instead be tolerated." (*Id.* at 16-17.) According to Robin, this policy was deliberately indifferent to the constitutional rights of CCDC detainees and caused his injuries. (*Id.* at 17.) Second, Robin alleges LVMPD and Naphcare were negligent by not adequately training or supervising their employees and by not "providing adequate medical care to inmates and pretrial detainees." (*Id.* at 20.) Finally, Robin

alleges that through this same conduct, LVMPD and Naphcare negligently inflicted emotional distress on him. (*Id.* at 21.)

LVMPD and Naphcare move to dismiss each of these claims on a variety of grounds. Robin agrees that his negligent infliction of emotional distress claim may be merged with his negligence claim. (Dkt. #20 at 15-16.) I therefore will address the parties' arguments regarding the constitutional and negligence claims.

**II. ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

**A. Section 1983 - Count Six**

LVMPD and Naphcare move to dismiss Robin's § 1983 claim because it lacks sufficient allegations that either entity had a policy that caused the alleged constitutional violation. Additionally, LVMPD argues that because Naphcare was responsible for medical care at CCDC, Robin's § 1983 claim against LVMPD should be dismissed. LVMPD and Naphcare also argue Robin's request for punitive damages should be dismissed because a municipality is immune from punitive damages and the factual allegations do not support punitive damages.

1. Sufficiency of the Allegations of a Policy

LVMPD and Naphcare argue that they can be liable under § 1983 only through a policy, custom, or practice that was the moving force behind a constitutional violation. They contend that Robin has not adequately alleged they adopted an unconstitutional policy or practice because

he does not describe the policy, does not allege that the policy was chosen in disregard to a risk of inmate health or safety, or explain how it resulted in deliberate indifference. LVMPD further contends that it is not responsible for providing medical care at CCDC.

Robin responds that his constitutional claim is adequately pleaded because he has alleged LVMPD and Naphcare had a policy of not adequately staffing, training, or supervising their employees at CCDC, which led the medical employees to provide inadequate medical care because they knew their actions would not be investigated or punished. As to LVMPD, he argues it ultimately is responsible for detainee care at CCDC and it cannot escape liability by delegating responsibility to a private entity.

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). LVMPD and Naphcare concede they acted under color of law, so the question is whether Robin adequately has alleged that these defendants deprived him of a constitutional right.

Robin alleges the constitutional violation at issue is the denial of adequate medical care to a pretrial detainee. Because Robin was a pretrial detainee, his constitutional rights derive from the due process clause rather than the Eighth Amendment. *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002). Pretrial detainees are entitled to at least the same duty the Eighth Amendment imposes: "persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs." *Id.* (quotation omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Lolli v. Cnty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (quotation omitted).

However, a municipality or other local government unit cannot be held liable under § 1983 based on a respondeat superior theory of liability. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012). Rather, a government entity may be held liable under § 1983 if

the entity's policy, practice, or custom was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978)). This principal also applies to a private entity acting under color of state law. *Tsao*, 698 F.3d at 1139.

A plaintiff potentially has two means of holding an entity liable under § 1983. First, the plaintiff may allege facts showing that the entity "itself violated someone's rights or directed its employee to do so." *Gibson*, 290 F.3d at 1185. Under this route to liability, the plaintiff may allege "that the municipality acted with the state of mind required to prove the underlying violation." *Id.* (quotation omitted). "Examples of this direct path to municipal liability include: a city's policy of discriminating against pregnant women in violation of the Fourteenth Amendment, . . . and a county policy that policymakers know will place aggressive and passive homosexuals in the same jail cell. . . ." *Id.* at 1185-86 (internal citations and footnote omitted). To find an entity liable under this direct route to liability on a deliberate indifference to medical needs claim, the plaintiff must allege that the entity "(1) had a policy that posed a substantial risk of serious harm to [the plaintiff]; and (2) [knew] that its policy posed this risk." *Id.* at 1188-89.

Under the second route to entity liability, a plaintiff may allege that through the entity's omissions it is "responsible for a constitutional violation committed by one of its employees, even though the [entity's] policies were facially constitutional, the [entity] did not direct the employee to take the unconstitutional action, and the [entity] did not have the state of mind required to prove the underlying violation." *Id.* at 1186. Under this theory, the plaintiff also must allege the omission was a result of the entity's deliberate indifference and "that the omission caused the employee to commit the constitutional violation." *Id.* "To prove deliberate indifference, the plaintiff must show that the [entity] was on actual or constructive notice that its omission would likely result in a constitutional violation." *Id.* To show causation, the plaintiff must allege that the entity "could have prevented the violation with an appropriate policy." *Jackson v. Barnes*, 749 F.3d 755, 763 (9th Cir. 2014) (quotation omitted). Thus, under this second route, the plaintiff must allege: (1) an officer acting under color of state law violated the plaintiff's constitutional

right, (2) the entity had a policy that was deliberately indifferent to the plaintiff's constitutional rights, and (3) the policy was the "moving force" behind the violation. *Gibson*, 290 F.3d at 1193-94. This is a more difficult route to establish liability. *Id.* at 1186.

Viewing the allegations and reasonable inferences in the light most favorable to Robin, he adequately alleges a § 1983 claim against LVMPD and Naphcare under either route to liability. Under the first route, Robin alleges LVMPD and Naphcare had a policy of understaffing medical personnel in the CCDC medical clinic, and that this policy posed a substantial risk of serious harm to Robin because he was denied timely administration of necessary medication due to the unavailability of a doctor. As to whether the defendants knew this alleged policy posed this risk, a risk may be "so obvious that ignoring it amounted to deliberate indifference." *Tsao*, 698 F.3d at 1145. Because a detainee's access to adequate medical care is an established constitutional right, a policy of understaffing medical personnel at a jail—where inevitably some detainees may require timely and proper administration of medication to avoid serious medical issues—may amount to deliberate indifference to those detainees' medical needs. *See Gibson*, 290 F.3d at 1190. Consequently, a reasonable jury could find this alleged policy was deliberately indifferent to Robin's serious medical needs.

Under the second route to liability, Robin alleges that he advised multiple employees of his needs but they delayed giving him medication because there was no doctor available. This plausibly alleges that the medical providers knew of but disregarded his serious medical needs by denying or delaying treatment. Robin alleges LVMPD and Naphcare have a policy of understaffing medical personnel that a reasonable jury could find was deliberately indifferent to his constitutional rights. As to whether this policy was the moving force behind a constitutional violation, a reasonable inference from his allegations is that if adequate medical personnel were on duty, his injury would have been avoided because there would have been a doctor available to authorize his medication. Consequently, Robin has adequately alleged a § 1983 claim against both LVMPD and Naphcare.

1  As to LVMPD's argument that it is not the medical provider at CCDC, the complaint alleges that LVMPD is "responsible for the operation of [CCDC], including the operation of the medical clinic within CCDC and the provision of medical care to inmates and pretrial detainees." (Dkt. #1 at 4.) At this stage of the proceedings, I must accept this allegation, and the allegation that LVMPD did not adequately staff medical personnel at CCDC, as true. I therefore deny the defendants' motion to dismiss Robin's constitutional claim.

### 2. Punitive Damages

LVMPD and Naphcare argue that as a municipal entity and an entity that performs a governmental function, they are both immune from punitive damages. Alternatively, they argue there are no allegations of egregious conduct sufficient to support punitive damages.

Robin agrees that he cannot seek punitive damages against LVMPD[3] but he argues he may seek them against Naphcare, which is a private entity. Robin also argues he has alleged facts supporting punitive damages in relation to his constitutional claim because he has alleged Naphcare was reckless or callously indifferent to his constitutional rights.

Local governments are immune from punitive damages under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-60, 271 (1981). Therefore, as Robin concedes, he cannot recover punitive damages from LVMPD. However, Naphcare is a private entity against which punitive damages may be assessed. *See Repass v. Clark Cnty. Det. Ctr.*, No. 2:13-CV-00237-APG-GWF, 2014 WL 335040, at *7 (D. Nev. Jan. 29, 2014); *Zeigler v. Las Vegas Metro. Police Dep't*, No. 2:11-CV-01301-JAD-VCF, 2015 WL 355422, at *7 n.60 (D. Nev. Jan. 27, 2015).

Additionally, Robin has alleged facts showing a plausible basis for a jury to award punitive damages against Naphcare. Punitive damages may be awarded under § 1983 if Naphcare's conduct was malicious, oppressive, or in reckless disregard of the constitutional rights of others. *Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir. 2005). Robin alleges that Naphcare, as the contracted operator of the medical clinic at CCDC, had a policy of understaffing medical personnel. A reasonable jury could find that policy was in reckless disregard of the constitutional

---

[3] (Dkt. #20 at 2 n.3, 8 n.19.)

1  rights of detainees like Robin.  I therefore deny Naphcare's motion to dismiss the punitive
2  damages request against it.

**B. Negligence - Count Nine**

With respect to Robin's negligence claim, the parties dispute whether Robin was required to provide an affidavit from a qualified medical care provider under Nevada Revised Statutes § 41A.071, which the defendants characterize as a medical malpractice claim.  Additionally, the parties dispute whether LVMPD and Naphcare are entitled to discretionary immunity under Nevada Revised Statutes § 41.032.

<u>1.  Medical Malpractice - Section 41A.071</u>

Naphcare argues Robin failed to provide an affidavit from a qualified medical provider as required under § 41A.071 for his negligence claim, which Naphcare contends is a medical malpractice claim.  LVMPD contends the complaint fails to allege what actions or omissions are attributed to LVMPD because it is not a medical provider.

Robin responds that his claim against Naphcare is not a medical malpractice claim as defined under § 41A.071 because Naphcare is not a physician, hospital, or an employee of a hospital.  As for LVMPD, Robin argues it is responsible for ensuring detainees at CCDC receive adequate medical care and it breached that duty by having a practice or policy of allowing delayed or denied care.

At the time the Bruins filed this lawsuit, Nevada Revised Statutes § 41A.071[4] provided:

> If an action for medical malpractice or dental malpractice is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.

"Medical malpractice" was defined as "the failure of a physician, hospital or employee of a hospital, in rendering services, to use the reasonable care, skill or knowledge ordinarily used

---

[4] The Nevada Legislature amended the relevant statutory scheme in June 2015 to broaden its application to professional negligence, and not just the specifically defined term "medical malpractice." Laws 2015, c. 439, § 6, eff. June 9, 2015.

under similar circumstances." Nev. Rev. Stat. § 41A.009.  "Physician" was defined as "a person licensed pursuant to chapter 630 or 633 of NRS." *Id.* § 41A.013.

Naphcare and LVMPD do not dispute that they are not physicians, hospitals, or employees of a hospital.  Thus, to the extent Robin's claims are premised on a theory that the entities were negligent by not providing adequate staff, § 41A.071 as it existed when Robin filed his complaint did not require Robin to file an affidavit from a qualified medical provider.  As to LVMPD's argument that it does not provide medical care, I must take as true Robin's allegations that LVMPD is responsible for the medical care of detainees in CCDC.

It does not appear from the complaint or Robin's opposition brief that he is seeking to hold Naphcare or LVMPD responsible under a respondeat superior theory for the alleged failure of a physician licensed pursuant to Chapter 630 or 633 to use reasonable skill in treating him (such as by not giving him his prescribed dose of medication).  But if he is, then that portion of his claim is dismissed without prejudice for failure to file the required affidavit.  Such a claim would be for the medical malpractice of a physician to which the former version of § 41A.071 would apply. *See Pack v. LaTourette*, 277 P.3d 1246, 1250 (Nev. 2012) (stating that § 41A.071 applies if "a given action requires proof of malpractice before relief may be granted").  I deny Robin's request to amend his complaint to add an affidavit if one is required because a complaint that is "defective under NRS 41A.071 is void and cannot be amended." *Washoe Med. Ctr. v. Second Judicial Dist. Ct. of State of Nev. ex rel. Cnty. of Washoe*, 148 P.3d 790, 793-94 (Nev. 2006) (en banc).

In sum, to the extent Robin's negligence claim is directed at Naphcare and LVMPD's alleged policy of understaffing, then the former version of § 41A.071 does not apply and no affidavit was required at the time Robin filed his complaint.  To the extent Robin seeks to hold Naphcare or LVMPD liable on a respondeat superior theory for the medical malpractice of a physician who is licensed pursuant to Chapter 630 or 633, that claim is dismissed without prejudice for failure to file the required affidavit.  I deny Robin leave to amend to add an affidavit because Nevada law does not permit amendment for that purpose.

1                          2.  Discretionary Immunity - Section 41.032

2          LVMPD and Naphcare contend they are entitled to discretionary immunity under § 41.032.  Robin contends the defendants are not entitled to discretionary immunity because Naphcare is not an immune contractor and, in any event, the defendants have not shown that their actions were based on social, economic, or political policy.

         Section 41.032 states that:

> no action may be brought . . . against an immune contractor or an officer or employee of the State or any of its agencies or political subdivisions which is . . . [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

However, "acts taken in violation of the Constitution cannot be considered discretionary" within the meaning of Nevada's discretionary-act immunity statute. *Koiro v. Las Vegas Metro. Police Dep't*, 69 F. Supp. 3d 1061, 1074 (D. Nev. 2014) (citing *Mirmehdi v. United States*, 689 F.3d 975, 984 (9th Cir. 2011); *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000)).

         Robin has alleged LVMPD and Naphcare adopted a policy of understaffing medical personnel and, as discussed above, he adequately has alleged that policy violates detainees' constitutional right to adequate medical care.  While generally decisions about the level of staffing at a jail's medical clinic may be entitled to discretionary immunity, the defendants do not have discretion to adopt a policy of understaffing in a manner that violates the Constitution.

         In addition, discretionary-act immunity is an affirmative defense which the defendants bear the burden of raising and establishing. *City of Boulder City v. Boulder Excavating, Inc.*, 191 P.3d 1175, 1178 (Nev. 2008) (en banc).  But the defendants do not establish they are entitled to discretionary immunity in their motion.  Instead, they state in conclusory fashion that Naphcare qualifies as an immune contractor and that Robin's allegations "stem from the exercise of providing medical care" so they should both be granted discretionary immunity. (Dkt. #14 at 13.) The defendants do not explain why Naphcare qualifies as an immune contractor nor do they analyze Robin's allegations under the two-part test established by the Supreme Court of Nevada

in *Martinez v. Maruszczak*, 168 P.3d 720, 729 (Nev. 2007) (en banc) (stating that "to fall within the scope of discretionary-act immunity, a decision must (1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy"). Accordingly, I deny dismissal on the basis of discretionary immunity.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that defendants Naphcare, Inc. and the Las Vegas Metropolitan Police Department's motion to dismiss **(Dkt. #14) is GRANTED in part and DENIED in part**.  It is granted as follows: (1) plaintiff Beverly Bruin has no negligence claim against these defendants in count nine; (2) plaintiff Robin Bruin may not seek punitive damages against defendant Las Vegas Metropolitan Police Department; (3) plaintiff Robin Bruin's negligent infliction of emotional distress claim in count ten is merged into his negligence claim in count nine; and (4) to the extent plaintiff Robin Bruin states a negligence claim against defendants Naphcare, Inc. and Las Vegas Metropolitan Police Department on the basis of a respondeat superior theory for the medical malpractice of a physician licensed under Chapters 630 or 633, that portion of his negligence claim is dismissed without prejudice for failure to file the required affidavit.  The defendants' motion is denied in all other respects.

IT IS FURTHER ORDERED that the plaintiffs' counter-motion for leave to amend **(Dkt. #21) is DENIED**.

DATED this 5th day of February, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE