ALVERSON, TAYLOR, MORTENSEN & SANDERS
SEETAL TEJURA, ESQ. (#008284)
7401 W. Charleston Boulevard
Las Vegas, Nevada 89117
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Defendants*
*NaphCare, Inc. and the Las Vegas*
*Metropolitan Police Department*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

&gt;*&lt;

| | |
|---|---|
| ROBIN BRUINS, individually; and BEVERLY BRUINS, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> COLONEL DENNIS OSBORN, in his individual capacity as Chief of the Nevada Highway Patrol; SERGEANT JUAN ARIAS, in his individual capacity; TROOPER F. HERRERA, in his individual capacity; TROOPER A. POEHL, in his individual capacity; TROOPER D. SLATTERY, in his individual capacity; B.O. ESTES, in her individual capacity; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; NAPHCARE, INC.; DOES CORRECTIONS EMPLOYEES I-X, inclusive; and DOES MEDICAL PROVIDERS I-X, inclusive, <br><br> Defendants. | Case No. 2:15-cv-00324-APG-VCF <br><br><br> **STIPULATED PROTECTIVE ORDER** |

It is anticipated that discovery in this action may require Defendant NaphCare, Inc. ("NaphCare") and possibly other non-parties to disclose information and documents that is confidential, proprietary and sensitive. Disclosure of this information could result in harm to the

business and practices of NaphCare and the disclosing non-parties. Although this information may be subject to conditional disclosure, NaphCare and the disclosing non-parties are entitled to the protections described below.

1.  As used in this Protective Order, the term "confidential information" means any documents, testimony, or other information that is produced from the date of this agreement forward, including: NaphCare's policies and procedures which are used to govern the provision of healthcare services to the inmates at the Clark County Detention Center ("CCDC"); employment training documents; and internal documents used for investigating, monitoring, and maintaining its business practices, and has been designated as "CONFIDENTIAL".

2.  The term "disclosure" shall include the dissemination, communication, publication or reproduction of any confidential material or the specific contents of the information contained therein, or the communication of any estimate or other information which facilitates the discovery of confidential information. Should any pleading with the Court require reference or attachment of any confidential information, the parties shall first request leave to file the document under seal, as further defined in Paragraph 11 below.

3.  As used in this Protective Order, the term "qualified persons" means (i) counsel of record for the parties to the litigation, including office associates, paralegals, and stenographic and clerical employees to whom disclosure is reasonably necessary; (ii) experts retained for the purpose of this litigation to whom disclosure is reasonably necessary and who reviewed and signed a copy of this Stipulation; (iii) parties to this action; and (iv) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

4.  Confidential information shall be and remain confidential, and, except as allowed by this Protective Order, may not be disclosed or communicated, nor used for any purpose other than this litigation.

1    5.   Any and all documents containing confidential information must be retained by

2 counsel, and not be disclosed or made available to any person other than a qualified person who

3 has read and acknowledged the terms of this Protective Order.  Similarly, the confidential

4 information contained within those documents may not be disclosed to any person other than a

5 qualified person.  To the extent reasonably necessary, copies of confidential documents may be

6 provided to experts retained for the purpose of this litigation to whom disclosure is reasonably

7 necessary and who have signed this Stipulation and Protective Order.  Nothing in this Protective

8 Order shall in any way affect the admissibility or use at trial of any of the documents produced

9 under this Protective Order.

10   6.   Any person who is in possession of confidential information, or to whom

11 confidential information is disclosed, is responsible for ensuring that such confidential

12 information is not inadvertently disclosed by him or her.  Failure to take all reasonable

13 precautions to ensure against such inadvertent disclosure will be viewed by the Court as willful

14 disobedience of this Protective Order, and will be punished accordingly.

15   7.   Counsel or parties receiving confidential information may not disclose that

16 confidential information to any expert without first furnishing to that expert a copy of this

17 Stipulation and Protective Order and obtaining a signed copy of this Stipulation and Protective

18 Order from that expert.

19   8.   Any person who executes a copy of this Stipulation and Protective Order submits

20 to the jurisdiction of this Court for purposes of enforcement of this Protective Order, either prior

21 to or following trial of this action.  Jurisdiction of this action is to be retained by this Court after

22 final determination for purposes of enabling any party or persons affected by this Protective

23 Order to apply to the Court for such direction or further decree as may be appropriate for the

24 construction or enforcement of this Protective Order, or for such additional relief as may become

**ALVERSON, TAYLOR, MORTENSEN & SANDERS**
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

22488-ST
sao protective ordr

appropriate.

9. If any party or persons affected by this Protective Order objects to the designation by the disclosing party, non-party, or person of a document or item, pleading, or transcript of testimony as "CONFIDENTIAL", he shall give notice of the same to the disclosing party, non-party, or person in writing of the document, pleading, and/or testimony at issue and the reason for the objection. Challenges to the designation shall be provided in writing to the disclosing party within twenty-one (21) days of the receipt of said information. Within 14 days of the receipt of any written challenges, the parties must telephonically confer to determine if the disputes can be resolved. The disclosing party, non-party, or person shall thereafter have fourteen (14) business days from the telephonic meet-and confer conference within which to apply to the Court for appropriate protection of the document, pleading, and/or testimony pursuant to the Federal Rules of Civil Procedure. If the disclosing party, non-party, or person does not make application within fourteen (14) days after the above described telephonic conference, (or within the stipulated time period if stipulated to be longer or shorter than fourteen (14) days), then the documents, pleadings, and/or testimony at issue shall no longer be deemed "CONFIDENTIAL". However, until expiration of the fourteen (day) time period (longer or shorter if stipulated) or until the Court enters an order changing the designation, whichever is later, the information shall continue to be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Order.

10. If any individual is making copies of any confidential information allowed by this agreement, said individual must ensure that the copies are also marked "Confidential."

11. Any person who wishes to file with this Court any document, paper, or other tangible item disclosing confidential material may disclose only those confidential materials that are necessary to support the pleading, motion or other paper to which the confidential document,

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

22488-ST
sao protective ordr

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

paper, or other tangible item is attached, and must first attempt to contact the disclosing party, non-party or person in an attempt to reach an agreement/Stipulation regarding whether filing the document should be under seal. If such contact is not possible, the filing party must provide said counsel with a description of the contacts attempted and/or the basis for not contacting the undersigned. The parties to this agreement understand that is a "strong presumption in favor of access." A party seeking to seal a judicial record at trial and/or the dispositive motions stage bears the burden of establishing "compelling reasons" by "articulating compelling reasons supported by specific factual findings," that outweigh the public policies favoring disclosure. <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

12. Nothing in this Protective Order precludes the deposition examination of any person regarding confidential information of which they have knowledge. In any such deposition, the disclosing party, non-party or person may designate specific testimony deemed to be "CONFIDENTIAL" by advising the court reporter of such fact prior to the conclusion of the deposition. The reporter shall mark the face of the transcript "CONTAINS CONFIDENTIAL INFORMATION." All transcripts of said deposition containing confidential information will be treated in accordance with this Protective Order, wherein if any portions of the deposition transcript containing confidential material is to be filed with the Court, Paragraph 11 should be observed.

13. Only qualified persons as defined in Paragraph 3 above may attend deposition examinations in this case, unless all parties agree or their counsel otherwise.

14. The parties taking any deposition shall retain a court reporter who agrees that before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this Protective Order and that copies of any transcript, reporter's notes, or any other transcription records of any

1  such testimony will be retained in absolute confidentiality and safekeeping by such shorthand

2  reporter or delivered to attorneys of record or filed with the Court under seal.

3  15. If, during trial, any party intends to introduce into evidence any information

4  designated as "CONFIDENTIAL," he/she shall give timely notice of that intention to the Court,

5  all counsel, and any disclosing non-party or person, either through the required Joint Pre-Trial

6  Order or some other type of notice. Thereafter, the Court may take such steps as it shall deem

7  reasonably necessary to preserve the confidentiality of such information, without violating any

8  statute or other rule of the Court.

9  16. Nothing in this Protective Order requires a party to disclose confidential

10 information that the party also contends is protected from disclosure based upon a privilege

11 (including but not limited to HIPAA rights of others) or for some reason other than the mere

12 confidential or proprietary nature of the document or information (including but not limited to

13 non-discoverable trade secrets).

14 17. Upon the final determination of this action, counsel and all qualified persons shall

15 return any confidential information to counsel for Defendants LVMPD and NaphCare, or the

16 disclosing non-party or person, upon their request, together with any copies of confidential

17 information. Transcripts containing confidential information also must be returned to the

18 requesting Defense Counsel or the disclosing non-party or person.

19 . . . .

20 . . . .

21 . . . .

22 . . . .

23 . . . .

24 . . . .

18. Anyone found to be in violation of this Protective Order may have sanctions imposed against him or her as the Court may determine and allowable under law and may also be subject to contempt of court proceedings.

DATED this 6th day of April, 2016.

ALVERSON, TAYLOR, MORTENSEN & SANDERS

By ___/s/ Seetal Tejura_____
SEETAL TEJURA, ESQ.
7401 W. Charleston Boulevard
Las Vegas, Nevada 89117
*Attorneys for Defendants*
*NaphCare, Inc. and the Las Vegas*
*Metropolitan Police Department*

DATED this 7th day of April, 2016.

ADAM P. LAXALT
Attorney General

By__/s/ David R. Keene *_____
DAVID R. KEENE, II, ESQ.
Deputy Attorney General
State of Nevada,
Office of the Attorney General
*Attorneys for Defendants*
*Colonel Dennis Osborn, Sergeant*
*John Arias, Trooper F. Herrera,*
*Trooper A. Poehl, Trooper D. Slattery,*
*B.O. Estes*

*electronic signatures used with permission

DATED this 6th day of April, 2016.

GENTILE CRISTALLI
MILLER ARMENI SAVARESE

By_/s/ Paola M. Armeni_*_____
PAOLA M. ARMENI, ESQ.
COLLEEN M. MCCARTY, ESQ
410 South Rampart Boulevard, Suite 420
Las Vegas. Nevada 89145
Attorneys for Plaintiffs
*Robin and Beverly Bruins*

**ORDER**

IT IS SO ORDERED.

Dated this __8th__ day of __April_____, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

22488-ST
sao protective ordr

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, have read in its entirety and understand the Protective Order that was issued by the United States District Court, for the District of Nevada on _____, 2016, in the case of *Bruins v. Colonel Dennis Osborn*, Case No. 2:14-cv-00324-APG-VCF. I agree to comply with and to be bound by all terms of this Protective Order and I understand and acknowledge that failure to do so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order that any person or entity except in strict compliance with the provisions of this Order. Further, I solemnly promise that I will not offer to sell, advertise or publicize that I have obtained any Protected Material subject to this Protective Order. At the conclusion of this matter, I will return all Protected Material which came into my possession to counsel for the party from whom I received the Protected Material, or I will destroy those materials. I understand that any Confidential Information contained within any summaries of Protected Material shall remain protected pursuant to the terms of this Order. I further agree to submit to the jurisdiction of the United States District Court, for the District of Nevada for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I certify under the penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where signed: _____

Printed name: _____

Address: _____

Signature: _____

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000