UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBIN BRUINS and BEVERLY BRUINS,<br><br>     Plaintiffs,<br><br>v.<br><br>DENNIS OSBORN, *et al.*,<br><br>     Defendants. | Case No. 2:15-cv-00324-APG-VCF<br><br>**ORDER DENYING MOTION TO RECONSIDER**<br><br>(ECF No. 69) |

  Plaintiffs Robin and Beverly Bruins filed this lawsuit against various law enforcement officers who conducted a traffic stop, detained and searched the Bruins and their car, and then arrested Robin for possession of a stolen vehicle. I previously granted summary judgment in the defendants' favor on various claims because the officers had probable cause to detain and arrest Robin. ECF No. 41. Nearly a year and a half later, the Bruins seek reconsideration of that order based on allegedly new information obtained through discovery. The defendants oppose reconsideration, arguing the Bruins' motion is untimely and prejudicial.

  The parties are familiar with the facts and I previously detailed the factual background in my prior order. *Id.* I therefore do not repeat them here except where necessary. I deny the motion to reconsider.

**I. ANALYSIS**

  A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J,*

*Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LR 59-1(a). A district court may also reconsider its decision if "other, highly unusual, circumstances" warrant it. *Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 1263. However, motions for reconsideration are "disfavored." LR 59-1(b).

**A. The Plus Symbol**

The Bruins contend that discovery has revealed that the defendants submitted misleading affidavits in support of the prior motion for summary judgment. In those affidavits, the defendants attested that the officers had personal knowledge that dispatch cannot run license plates with special symbols, such as a + symbol. The Bruins indicate they have since learned that after the incident, dispatch ran Robin's plate with the + symbol and the results returned with the Bruins' vehicle.

The newly submitted evidence does not support the conclusion that any of the troopers on the scene made false or misleading statements in their affidavits. The witnesses testified that it was their understanding from what dispatchers previously had told them or from their prior experience that dispatch could not and would not run a plate number with a special symbol. *See* ECF Nos. 70-1 at 23; 70-2 at 6, 23, 28-31. Some of them gave as an example the heart symbol that California plates can display. *See* ECF Nos. 70-1 at 23-24; 70-2 at 28-31. Whether a + symbol actually can be run does not alter the analysis of my prior order. There is no evidence that, at the time of the incident in question, any of the troopers knew or believed that dispatch could run a plate with the + symbol. Thus, even if they were mistaken about that fact, the mistake was reasonable, given their knowledge and experience that special symbols could not and would not be run by dispatch. The troopers therefore had probable cause or at least would be entitled to qualified immunity.

**B. Candor to the Court**

Although I do not find a basis to reconsider my prior ruling, I am troubled by whether the defendants' prior counsel, Adam Honey, knew at the time the summary judgment motion was filed that in fact dispatch could run the plate with the + symbol but did not disclose this to the

Bruins or me. It appears that a few months after Robin's arrest, the plate was run with the + symbol, and the return matched Robin's name and address. *See* ECF No. 74-1 at 22-25. Defendant Osborn testified at his deposition that he provided that information to Honey shortly after the lawsuit was filed. *See* ECF Nos. 70-2 at 5-6; 74-1 at 30. Yet the original summary judgment motion makes no mention of this.

      I am also concerned about what appears to be an inconsistency between defendant Arias's April 1, 2014 post-arrest memorandum to the district attorney explaining why the charges against Robin should be dismissed and his affidavit filed in support of the summary judgment motion. ECF Nos. 22-1 at 55-57; 32-6. In the memorandum, Arias stated the plate needed to be run with the + symbol "for the record to return for this vehicle." ECF No. 32-6. In his May 4, 2015 affidavit, Arias stated that after Robin's arrest, he learned that dispatch cannot run special symbols such as + symbols. ECF No. 22-1 at 55-56.

      In the opposition to the motion to reconsider, the defendants' current counsel did not respond to the allegation that prior counsel and the witnesses misled the Bruins and me. My order setting this motion for hearing directed counsel to "be prepared to discuss the circumstances surrounding whether prior defense counsel Adam Honey and/or the defendants knew that the Bruins' license plate could be run through the computer database with the '+ sign' prior to the first motion for summary judgment and if so, why that information was not disclosed to either the Bruins or the court." ECF No. 80. But at the hearing defense counsel was unprepared to explain why this information was not previously disclosed. Consequently, I will order the defendants to address: (1) whether the plate was run with the + symbol after Robin's arrest that returned a match to Robin's name and address; (2) when that occurred and who performed the search; (3) when each defendant learned of that fact (if ever);[1] (4) when that information was communicated to defense counsel; (5) if that was communicated to defense counsel or any defendant before the first motion for summary judgment was filed, explain why the motion states that the + symbol

---

[1] *See* ECF No. 70-2 at 30 (defendant Slattery denying he knew the plate was run with the + symbol and came back with Robin's information).

cannot be run when counsel and/or defendants knew that it could be; and (6) explain the apparent discrepancy between Arias's post-arrest memorandum and his later affidavit. Failure to adequately respond may result in an order to show cause why sanctions should not issue against the defendants and/or counsel.

**C. Knowledge Element**

The Bruins argue none of the troopers on the scene knew that the crime of possession of a stolen vehicle requires proof that the accused knew or had reason to believe the car was stolen. They thus contend the officers lacked probable cause to arrest. The officers' testimony that they did not know about the offense's knowledge element does not alter my prior ruling. "Because the probable cause standard is objective, probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest." *United States v. Struckman*, 603 F.3d 731, 741 (9th Cir. 2010) (quotation omitted). Thus, the fact that the officers did not know of the element does not negate the fact that an objective evaluation of the facts known to the officers at the time supported probable cause, including the knowledge element. *See* ECF No. 41 at 12-13.[2]

**D. Reasonable Investigation**

The Bruins contend the troopers did not conduct a reasonable investigation because they did not contact the State of Washington to determine if the car was properly registered there, nor did they contact Los Angeles County, the source of the stolen vehicle report.[3] However, this is not "new" evidence. The Bruins had access to the video of the incident. There was no indication in the video that the troopers contacted anyone in Washington to verify the plates or to gain an understanding of Washington law on classic plates. None of the defendants indicated in their affidavits that they had done so. Consequently, the Bruins could and should have made these

---

[2] The Bruins argue that I based my prior probable cause analysis of the knowledge element on the fact that Robin purchased the vehicle off of Craigslist. ECF No. 69 at 16-17. That was not the entirety of my analysis. *See* ECF No. 41 at 12-13.

[3] There is evidence that Estes confirmed the stolen vehicle report with Los Angeles County. ECF Nos. 22-1 at 15; 35-1 at 5.

arguments in response to the prior summary judgment motion. The Bruins did not request Rule 56(d) relief. They now seek to undo the law of this case on the eve of the close of discovery and almost a year and a half after my ruling, based on an argument they could and should have made originally. I therefore deny the motion to reconsider on the basis that the officers failed to conduct a reasonable investigation by not contacting officials in Washington or Los Angeles.

### E. Discretionary Immunity for Estes

The Bruins also argue that defendant Estes is not entitled to discretionary immunity because she did not have discretion as to what information to convey to the officers on the scene. Instead, she was supposed to provide the officers with all information in the NCIC bulletin and to verify information with the trooper, such as the color, make, and year of the vehicle. The Bruins rely on Estes's deposition testimony in which she states it was required for her to do so and she had no discretion not to verify the information. *See* ECF No. 70-2 at 18. Although not attached to the motion to reconsider, the plaintiffs point out in their opposition to the defendants' second summary judgment motion that the Nevada Highway Patrol operating procedures handbook states that after receiving an NCIC hit that is not an exact match, the dispatcher should give the requesting officer "all the pertinent information from the NCIC response." ECF No. 77 at 46.

I deny reconsideration because even if I determined Estes is not entitled to discretionary immunity, the negligence claims against her would be barred by the public duty doctrine. Nevada Revised Statutes § 41.0336 codifies the common law public duty doctrine, which provides that the police owe duties to the public generally, not to particular individuals. Under that provision, a law enforcement agency and its officers are not liable for the officers' negligent acts or omissions unless an exception applies. One exception is when the officer's conduct "affirmatively caused the harm." Nev. Rev. Stat. § 41.0336(2). An officer affirmatively causes the harm if she "actively create[s] a situation which leads directly to the damaging result." *Coty v. Washoe Cnty.*, 839 P.2d 97, 99 (Nev. 1992).

Because I decline to reconsider my prior ruling on probable cause, the only basis for the remaining claims is the manner by which the Bruins were detained. Even if Estes would not be

entitled to discretionary immunity, she did not affirmatively cause the harm of the officers' use of force. The officers on the scene chose what level of force to use in response to Estes initiating the felony warble tone. Consequently, the Bruins' negligence claims against Estes would be barred by the public duty doctrine.

**II. CONCLUSION**

IT IS THEREFORE ORDERED that the plaintiffs' motion to reconsider **(ECF No. 69) is DENIED.**

IT IS FURTHER ORDERED that on or before March 30, 2018, the defendants and their counsel shall address, in writing and with supporting evidence, the following: (1) whether the plate was run with the + symbol after Robin's arrest that returned a match to Robin's name and address; (2) when that occurred and who performed the search; (3) when each defendant learned of that fact (if ever); (4) when that information was communicated to defense counsel; (5) if that was communicated to defense counsel or any defendant before the first motion for summary judgment was filed, explain why the motion states that the + symbol cannot be run when counsel and/or defendants knew that it could be; and (6) explain the apparent discrepancy between Arias's post-arrest memorandum and his later affidavit. Failure to adequately respond may result in an order to show cause why sanctions should not issue against the defendants and/or counsel.

DATED this 8th day of March, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE